STATE ex rel. WILLIAMS VS. GRATIOT.

Where, in case of an application to this court for a *mandamus*, an issue of fact is sent to a circuit court for trial, such court cannot, by a compulsory order, change the place of trial.

*Mandamus*, to compel a county officer to remove his office to a place alleged to be the proper county seat. The respondent having admitted, by S., his attorney, the facts stated in the relation, and it appearing that he and the relator were in the same interest, on motion of other citizens of the county, P., an attorney who appeared for them, was permitted to file an amended return. In the order P. was named as attorney for the respondent, and the relator's answer to the amended return was served upon him as such. The issues of fact having been sent to a circuit court for trial, *Held*, that a stipulation for a change in the place of trial, there entered into between the relator's attorney and S., without the approval of P., was *void*.

APPLICATION for a *Mandamus*. This was a motion to

stay all proceedings in the circuit court for Green county for a trial of the issues of fact made by the pleadings. The case is stated in the opinion of the court.

*S. U. Pinney,* for the motion.

*J. H. Knowlton, contra.*

*By the Court,* DIXON, C. J. *Mandamus,* to compel the respondent, as treasurer of the county of La Layette, to remove and hold his office at the village of Shullsburg in said county. The office is now held at the village of Darlington. The controversy originates in an election held in November, 1861, at which the qualified electors of the county were authorized to vote upon the removal of the county seat from Shullsburg to Darlington. Chap. 136, Laws of 1861. The real question in issue is, whether there was a greater number of legal votes cast for or against such removal. The relator avers that a majority of the votes legally given were against such removal, and that consequently Shullsburg is the lawful county seat. The respondent, appearing by P. B. Simpson, Esq., an attorney of this court, residing at Shullsburg, made a return, admitting, in substance, the facts charged in the relation to be true. After the filing of this return, which was at the January term, 1862, of this court, a motion was made in behalf of James Wadsworth and others, residents, tax payers and electors of the county, for leave to make and file an amended return. Upon this motion Mr. Waring appeared as attorney and Mr. Pinney of counsel. The motion was founded upon the affidavits of Wadsworth and others, tending to show that the statements of fact contained in the relation, and admitted by the return, were untrue ; that the personal interests of the relator, *Williams,* and of the respondent, *Gratiot,* were identical; that both resided at Shullsburg ; and that the action was being unfairly and collusively prosecuted for the purpose of obtaining a judgment declaring Shullsburg to be the lawful county seat. Mr. Waring also submitted an affidavit, in which he made oath

that he had been retained by Mr. *Gratiot*, and was authorized to appear for him. After argument, at which both Mr. Knowlton, the attorney for the relator, and Mr. Simpson, were heard in opposition, the motion was allowed, and an amended return was prepared, served and filed in the name of Mr. Waring as attorney. In the order permitting the amendment, the name of Mr. Pinney appears as attorney for respondent. The answer of the relator to the amended return was served upon him in that capacity. A motion by the relator, upon which the issues of fact made upon the amended return were sent to the circuit for trial, was addressed to and served upon him. Mr. Waring very soon disappeared from the case, having entered the military service, in which he lost his life. The cause was transmitted to the county of Iowa for trial, and then arose the facts upon which this motion is made. The attorney for the relator, and Mr. Simpson, acting as attorney for *Gratiot*, entered into a stipulation changing the place of trial from the county of Iowa to the county of Green, and thereupon procured an order of the circuit court for the county of Iowa changing the venue accordingly, and the cause was transmitted to Green. This stipulation and order were made without the knowledge or assent of Mr. Pinney, and he now moves that all proceedings in the circuit court for Green county, in which the attorney for the relator and Mr. Simpson are about to proceed to trial, may be stayed.

It is obvious that the circuit court for Iowa county possessed no inherent power to change the place of trial against the wish of either party. The action is pending in this court, from which all compulsory orders as to the place of trial must proceed. The question, therefore, depends upon the effect of the stipulation. Was it valid without the signature of Mr. Pinney? We are of opinion that it was not. The effect of our former order permitting him to appear and file an amended return, was to invest him with the substantial management and control of the defense. The same motives of public justice

which prompted us to interfere for that purpose, require us to protect him in such management and control; and a stipulation not signed or ratified by him is simply void.

And the objection of the attorney for the relator, that Mr. Simpson is the sole attorney of record for the respondent, and that he knows no other, is without foundation. He is bound to take notice of Mr. Pinney's relations to the action. He has already done so by the service of papers and the transmission of notices, and it is too late for him now to ignore them.

Motion granted.